# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3136 | **DATE** | July 26, 2012 |
| **CASE TITLE** | Michael P. White (2010-0424199) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.00 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall issue summonses for service on defendants Foley and Quinn only and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve the defendants. Defendants City of Chicago, Richard M. Daley, Jody Weis, John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Luis A. Otero are dismissed from this action.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Pro se plaintiff Michael P. White, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

     Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.

     Turning to the initial review of the case, plaintiff alleges that on April 23, 2010, Chicago police officer defendants Foley and Quinn wrongfully entered his home and arrested him without proper cause. The officers did not have a warrant, probable cause coupled with exigent circumstances, or consent to justify the entry into plaintiff's home. The officers also lacked probable cause for plaintiff's arrest. Plaintiff may

proceed with claims for the alleged wrongful entry into his home and wrongful arrest. *Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011); *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 627 (7th Cir. 2008).

Plaintiff is limited to proceeding with his claims against Officers Foley and Quinn only because these officers were personally involved in the alleged constitutional violations. Plaintiff names not only Foley and Quinn, but also every person up the chain of command including their supervising detective, sergeant, lieutenant, shift commander, area commander, superintendent of police, city mayor, and the City of Chicago itself. Plaintiff believes that these other defendants are liable because they were responsible for supervising Foley and Quinn including making sure that policies and procedures were in place to prevent this type of alleged constitutional misconduct.

Plaintiff's claims against the supervisory defendants (ie., the defendatns other than Foley and Quinn) must be rejected. Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). However, supervisors may violate the Constitution resulting in their own individual liability if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Here, plaintiff does not allege, and his complaint does not plausibly suggest, that these supervisory defendants had any individual involvement in the alleged constitutional violation. These individuals were not present at Foley and Quinn's alleged entry into the home and plaintiff's arrest. Plaintiff does not allege that they condoned, much less even had any knowledge, of Foley and Quinn's actions. To find these defendants liable would effectively require them to be found vicariously liable for the incident and this is not allowed.

Plaintiff also cannot proceed with a claim against Chicago. "A municipality may be held liable for a constitutional deprivation under *Monell*." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 . . . plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

Plaintiff fails to plausibly allege municipal liability under *Monell*. He only mentions his (apparently) single random event without demonstrating how this part of a custom or practice sufficient to establish a *Monell* claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 615-19 (7th Cir. 2011); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). (Plaintiff does not plausibly suggest how he was harmed by an express policy or decision by a final policymaker). It is plaintiff's obligation to provide the grounds for his entitlement

| STATEMENT |
|---|

to relief. This requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action, which at most is all he has done in this case, will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, the Court notes that the complaint (which was filed by the clerk on April 27, 2012), states that the incident occurred on April 23, 2010, and the certificate of service states that plaintiff submitted the complaint to the Cook County Jail system for mailing on April 19, 2012. Plaintiff may be entitled to benefit of the prison mail box rule because he was detainee at the Cook County Jail when he filed the pro se complaint. *Rutledge v. United States*, 230 F.3d 1041, 1051-52 (7th Cir. 2000) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). As the statute of limitations defense is not clear from the face of the complaint, the Court shall leave it to defendants to investigate the defense further if they so desire.

The Clerk shall issue summonses for service on defendants Foley and Quinn only and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve defendants. Defendants City of Chicago, Richard M. Daley, Jody Weis, John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Luis A. Otero are dismissed from this action. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former City of Chicago / Chicago Police Department employee who no longer can be found at the work address provided by plaintiff, the City of Chicago / Chicago Police Department shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff shall to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendant [or to defense counsel, once an attorney has entered an appearance on behalf of defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.