# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. WHITE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-3136 |
| ) | |
| J. FOLEY and T. QUINN, officers of the ) | Judge Sharon Johnson Coleman |
| Chicago Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael P. White ("White") submitted a complaint *in forma pauperis* ("IFP") to this Court while in custody at Cook County Department of Corrections ("Cook County Jail"), alleging Defendants Officers Foley and Quinn[1] entered his home and arrested him without probable cause in violation of the Fourth Amendment. White's complaint survived initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and White was permitted to move forward with his claims. Defendants now move for judgment on the pleadings under Rule 12(c), arguing that White's complaint is time barred under the applicable statute of limitations. For the reasons stated below, the Court denies the motion.

**Background**

White's complaint arises out of events that occurred on April 23, 2010. (Dkt. 1, ¶ 16.) White dated his complaint April 19, 2012. (Dkt. 1 at 9.) The trust officer at Cook County Jail certified White's motion to proceed IFP ("IFP motion") on April 18, 2012. (Dkt. 3 at 4). White's certificate of service states he deposited his complaint within a sealed envelope "in the U.S. Mail at the Cook County Department of Corrections . . . at approximately 5:00pm on the 19th day of April, 2012."

---

[1] White did not provide Defendants' first names.

(Dkt. 1 at 10.) White's complaint was received by this Court on April 27, 2015. (Dkt. 1.) The envelope in which the complaint was received by the court clerk was not postmarked. (*Id.*) The Court's order granting White leave to file an IFP complaint was entered on July 26, 2012. (Dkt. 5.)

**Legal Standard**

A party may move for judgment on the pleadings after the complaint and answer have been filed. *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). A court should grant the motion "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Id.* When a motion for judgment on the pleadings is based on the assertion of an affirmative defense, dismissal of the complaint is only appropriate if the complaint presents all the facts necessary to establish the defense. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). When the affirmative defense asserted is the statute of limitations, the complaint must unambiguously set forth all of the relevant dates. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

**Discussion**

Defendants argue that White's complaint is time-barred because it was received by the Court four days after the two-year statute of limitations period expired. White does not dispute that the applicable statute of limitations period is two years, nor does he dispute the date on which the Court received his complaint. Rather the parties disagree as to whether, under the "prison mailbox rule," White's certification that he mailed the complaint within the limitations period saves his suit. Defendants maintain that White cannot avail himself of the prison mailbox rule because he has not averred that when he deposited the compliant into Cook County Jail's mail system, postage had been prepaid.

The "prison mailbox rule" is the general principle that for incarcerated litigants, a document submitted to a court is deemed filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." *Houston v. Lack,* 487 U.S. 266, 276 (1988). The rule, initially only applicable to notices of appeal, was established as a matter of federal common law in *Houston*, and later codified at and limited by Rule 4(c) of the Federal Rules of Appellate Procedure. Under Rule 4(c), prisoners must use the prison's legal mail system, if the prison has one, in order to take advantage of the prison mailbox rule. If the prison does not have such a system, the prisoner may establish timely filing via a declaration or notarized statement that sets forth the date the notice was deposited into the prison mail system and states that first class postage was prepaid. *Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013); Fed. R. App. P. 4(c)(1).

Although the Seventh Circuit has not explicitly held that the prison mailbox rule extends to the filing of civil complaints, it has indicated in dicta that filings submitted by detained litigants should never be subject to "an actual receipt standard" absent exceptional circumstances. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).[2] But the Seventh Circuit has not held that when extending the prison mailbox beyond the context of appeals, courts must import the statement-of-prepaid-postage requirement of Rule 4(c).

Furthermore, in this district, Local Rule 3.3 governs the time at which an IFP complaint is deemed filed. "Such local rules are binding and have the force of law," *Grassi v. Info. Res., Inc.,* 63 F.3d 596, 602 (7th Cir. 1995), unless they conflict with federal law, *Weibrecht v. S. Illinois Transfer, Inc.,* 241 F.3d 875, 879 (7th Cir. 2001). Local Rule 3.3 provides that, where a plaintiff is in custody and the order granting leave to file an IFP complaint is entered after the statute of limitations has run,

---

[2] Additionally, every circuit to consider the question has held that the prison mailbox rule applies to §1983 complaints or all civil complaints. *Sulik v. Taney Cty., Mo.*, 316 F.3d 813 (8th Cir. 2003) *overruled on other grounds in later appeal,* 393 F.3d 765 (8th Cir. 2005); *Casanova v. Dubois*, 304 F.3d 75 (1st Cir. 2002); *Richard v. Ray*, 290 F.3d 810 (6th Cir. 2002); *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995); *Dory v. Ryan*, 999 F.2d 679 (2d Cir. 1993) *opinion modified on reh'g,* 25 F.3d 81 (2d Cir. 1994); *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733 (4th Cir. 1991).

the complaint is deemed filed "as of the time of the plaintiff's delivery of the complaint to the custodial authorities for transmittal to the court." LR 3.3(d)(1).  Local Rule 3.3 does not prescribe a specific method by which an in-custody plaintiff must prove the time at which he delivered the complaint to custodial authorities for transmittal to the court. Accordingly, this Court shall treat the issue as an ordinary question of fact.  Here, that question has yet to be resolved and thus a grant of a judgment on the pleadings is not warranted.

**Conclusion**

For the foregoing reasons, Defendants' motion for judgment on the pleadings [77] is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  January 11, 2016